Officer Sheila Anderson Little Rock Police Department 700 West Markham Little Rock, AR 72201
Dear Officer Anderson:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), for an opinion on whether the custodian's decision to release certain information in response to a request under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101
— 109 (Repl. 2002 and Supp. 2007), is consistent with that act. You have attached a copy of the FOIA request, which seeks documentation regarding the current rank, salary, and overtime compensation of all sworn members of the Little Rock Police Department and all certified employees of the Little Rock Fire Department. The custodian has determined that this information is releasable. I am directed by law to issue my opinion as to whether the custodian's determination is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007).
RESPONSE
In my opinion, the custodian's decision is consistent with the FOIA, under the assumption that the records to be released simply document each employee's name, salary, overtime compensation and rank and do not detail any evaluation of the employees' job performance, or reflect the employees' home addresses or social security numbers. This also assumes that none of the members of the Little Rock Police Department whose records the custodian intends to release are "currently working undercover" and that they are not "identified in the Arkansas Minimum Standards Office as undercover officers" such that their identities are exempt from disclosure pursuant to A.C.A. § 25-19-105(b)(10) (Supp. 2007). *Page 2 
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Given that the subjects of the request are all city employees — namely, members of the Little Rock Police and Fire Departments — I believe documents containing the requested information clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. 99-305: "If records fit within the definition of `public records'. . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." It appears that the pertinent exemption in this instance is the one for "personnel records." A.C.A. § 25-19-105(b)(12) (Supp. 2007).[1] As stated in Op. 99-305:
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. *Page 3 
1999-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
(Emphasis added.)
Although I have not reviewed the actual records that the custodian intends to release in response to the FOIA request at hand, to the extent they reflect the name, salary, overtime compensation and rank of the affected employees, I believe they are likely "personnel records." This office has consistently opined that records reflecting this type of basic employment information are properly classified as "personnel records" for purposes of the FOIA. See, e.g., Ark. Op. Att'y Gen. Nos.2007-074, 2005-057, and 2002-159 (and opinions cited therein).[2]
Under the relevant statute, A.C.A. § 25-19-105, personnel records are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Id. at (b)(12).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)[12] requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)[12] allows warranted invasions of privacy, it follows that when the public's interest is *Page 4 
substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented. Id. at 313.
In my opinion, the release of records reflecting employees' names, salary, overtime compensation, and rank would not constitute a clearly unwarranted invasion of the employees' personal privacy under this test. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it, in my opinion. Numerous previous opinions of this office support this conclusion. This office has previously opined that the public interest prevails with respect to this basic employment information. See, e.g., Op. Att'y Gen. Nos.2007-001, 2005-194, 2005-057, 2004-225, and 2002-087 (and opinions cited therein).
In my opinion, then, the custodian's decision is consistent with the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The custodian should also be aware of the separate, specific exemption for "home addresses of. . . . nonelected municipal employees . . . contained in employer records. . . ." A.C.A. § 25-19-105(b)(13) (Supp. 2007). Additionally, while I have no information to suggest that the records to be released contain social security numbers, this office has previously opined in numerous opinions that social security numbers are exempt from public disclosure. See, e.g., Ark. Op. Att'y Gen.2006-165 (and opinions cited therein).
[2] By contrast, documents that set forth the reasons why an employee received a particular salary or rank could possibly constitute "employee evaluation or job performance records," which are subject to a different test under the FOIA. See Op. Att'y Gen. 2002-159. As stated, I have not seen the records to be released in this instance. I have no information to suggest, however, that they contain any details such that they might constitute evaluation or job performance records. The custodian has expressed the view that the requested information is releasable, and I am assuming from this statement that the records simply reflect names, salary, overtime compensation, and rank. *Page 1